J-S27019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARTHUR M. FERGUSON | |
| Appellant | No. 2504 EDA 2014 |

Appeal from the PCRA Order entered June 11, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0001856-2009

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 01, 2015**

Appellant, Arthur M. Ferguson, appeals *pro se* from the June 11, 2014 order entered in the Court of Common Pleas of Delaware County, dismissing as untimely Appellant's second petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Following review, we affirm.

On appeal from the dismissal of Appellant's first PCRA petition, a panel of this Court provided the following factual and procedural background:

> Appellant was arrested and subsequently convicted of seven counts of aggravated indecent assault, one count of criminal solicitation to commit involuntary deviate sexual intercourse, and eight counts of indecent assault of his daughter's girlfriend (the

---

[*] Former Justice specially assigned to the Superior Court.

victim), who was eleven years old at the time of trial. On August 9, 2010, Appellant was sentenced to an aggregate term of ten to twenty years' incarceration and eight years of consecutive probation. Appellant's post-sentence motions were denied by the trial court and Appellant filed a timely direct appeal arguing that the trial court erred in admitting hearsay testimony under the tender years exception. On August 4, 2011, a panel of this Court affirmed Appellant's judgment of sentence. **See Commonwealth v. Ferguson**, 3052 EDA 2010 (Pa. Super. filed August 4, 2011) (unpublished memorandum). Appellant did not petition our Supreme Court for review.

On December 14, 2011, Appellant filed a timely *pro se* PCRA petition raising three claims of ineffective assistance of counsel related to the trial counsel's [refusal to present medical records evidence, refusal to call an expert relating to those records, and failure to object to admission of the Commonwealth expert's report]. The PCRA court appointed counsel, who after review of the record determined that Appellant's issues lacked merit and submitted a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 16, 2012, the PCRA court filed a notice of intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Counsel's **Turner/Finley** letter was attached to the notice. [Appellant requested additional time to respond to the 907 notice by motion that was not docketed but was incorporated into the record by the trial court in its opinion dated September 20, 2012.]

On April 18, 2012, Appellant mailed to the PCRA court a *pro se* response to the 907 notice. Once more, Appellant did not file his response with the clerk of courts; however, pursuant to Pa.R.A.P. 1926, the PCRA court incorporated it into the record. Appellant's response raised seven new claims of trial counsel's and direct appeal counsel's ineffectiveness.[fn.4]

[fn.4] These new claims included: (1) trial counsel's failure to challenge the victim's failure to lodge a prompt complaint or to request a prompt complaint instruction; (2) trial counsel's failure to present evidence of [Appellant's] good character for truthfulness; (3) direct appeal counsel's failure to file a petition for allowance of

- 2 -

appeal with the Supreme Court; (4) direct appeal counsel's failure to raise speedy trial issues; (5) trial counsel's failure to demonstrate bias of the Commonwealth's expert witness; (6) direct appeal counsel's failure to raise a hearsay/confrontation issue; and (7) direct appeal counsel's failure to challenge trial counsel's ineffectiveness. PCRA Court Opinion, 9/20/2012, at 3-4.

On May 22, 2012, the PCRA court entered an order dismissing Appellant's PCRA petition and granting counsel's request to withdraw. On June 8, 2012, the PCRA court ordered Appellant to file his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days, or by July 3, 2012. On June 19, 2012, Appellant mailed the PCRA court a *pro se* motion for enlargement of time within which to file his concise statement, claiming he "needed additional time to obtain the transcripts and record in order to prepare his concise statement." The PCRA court "found this claim unacceptable but did not enter any order in response." On July 12, 2012, Appellant mailed a *pro se* 1925(b) statement to the PCRA court, wherein he complained the PCRA court erred in dismissing his petition. Appellant raised [four issues: the PCRA court failed to conduct an independent review of the issues; PCRA counsel failed to address each issue raised in Appellant's PCRA petition; PCRA counsel failed to raise issues he knew Appellant wanted to raise; and the PCRA court failed to address issues Appellant asked PCRA counsel to raise in an amended PCRA petition].

**Commonwealth v. Ferguson**, 1702 EDA 2012 at 1-4 (Pa. Super. filed October 24, 2013) (unpublished memorandum) (some footnotes and citations to PCRA court opinion omitted).

Before addressing the merits of Appellant's claims, the panel considered whether the claims were properly preserved for review by this

Court.[1] The Court explained it "is willing to construe liberally materials filed by a *pro se* litigant, [but] *pro se* status generally confers no special benefit upon an appellant." ***Id.*** at 6 (quoting ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (citations omitted)). "Accordingly a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." ***Id.*** Because Appellant failed to file a 1925(b) statement in accordance with the PCRA court's order, this Court concluded that "while Appellant did preserve his claims of trial and appellate counsel ineffectiveness by raising those issues in his response to the PCRA court's 907 notice, he has effectively abandoned those claims on appellate review by failing to raise them in a timely 1925(b) statement." ***Id.*** at 7 (citations omitted). Accordingly, the order of the PCRA court was affirmed.

On December 19, 2013, Appellant filed a second PCRA petition, which is the subject of this appeal. On February 18, 2014, the PCRA court appointed counsel[2] who filed a motion to withdraw and a ***Turner***/***Finley*** no-

---

[1] Prior to reaching a decision, this Court remanded the case to the PCRA court "for a determination as to whether counsel had abandoned appellant . . . ." Order, 12/19/12. In response, the PCRA judge, current Superior Court Judge Patricia H. Jenkins, issued seven written findings, "conclud[ing] that there has been no abandonment of [Appellant] by either of the attorneys who represented him, and that he has elected to proceed on a *pro se* basis." Letter from Judge Jenkins to Superior Court Prothonotary, 1/3/13.

[2] It is not clear from the record why the PCRA court appointed counsel for Appellant's second PCRA petition. As this Court noted in ***Commonwealth v.***
*(Footnote Continued Next Page)*

- 4 -

merit letter on May 6, 2014. On May 7, 2014, the PCRA court granted counsel's motion to withdraw and issued a Rule 907 notice of intent to dismiss the petition without a hearing. On May 19, 2014, Appellant filed a *pro se* response to the Rule 907 notice. By order entered June 11, 2014, the PCRA court dismissed Appellant's petition as time-barred.

In this timely appeal, Appellant asks us to consider two issues:

[1.] Did the court erred [*sic*] in failing to determine that the Appellant was abandoned for the purpose of appeal?

[2.] And did the PCRA court err in failing to perform an independent review of the issue's [*sic*] to determine if a constitutional or due-process violation had taken place prior to dismissing the P.C.R.A. petition? []

Appellant's Brief at 3.

As our Supreme Court has explained:

Our standard of review of the PCRA court's grant of relief is clear: we examine whether the court's findings are supported by the record and whether its conclusions of law are free from legal error. **Commonwealth v. Colavita**, 606 Pa. 1, 993 A.2d 874, 886 (2010). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness

---
*(Footnote Continued)*

**Kubis**, 808 A.2d 196 (Pa. Super. 2002), the automatic right to counsel in collateral appeals applies only to first PCRA petitions. **Id.** at 200 (citing Pa.R.Crim.P. 904(A)). In **Commonwealth v. Jackson**, 965 A.2d 280, 283 (Pa. Super. 2009), we recognized that a PCRA petitioner who satisfies the judge of the inability to afford or otherwise procure counsel is entitled to appointment of PCRA counsel under Pa.R.Crim.P. 904(D) for a second or subsequent petition *if* an evidentiary hearing is required under Pa.R.Crim.P. 908. No evidentiary hearing was deemed to be required in the case before us.

applies. 42 Pa.C.S. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 586 Pa. 468, 895 A.2d 520, 522 (2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is distinct from the merits of the underlying claims, we must first determine whether [appellant's] PCRA petition was timely filed in order to decide whether this Court has legal authority to address its substantive claims. **See Commonwealth v. Stokes**, 598 Pa. 574, 959 A.2d 306, 310 (2008) (consideration of **Brady** claim separate from consideration of its timeliness).

**Commonwealth v. Williams**, 105 A.3d 1234, 1239 (Pa. 2014).[3]

_____

[3] Section 9545(b)(1) provides:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

In **Commonwealth v. Crews**, 863 A.2d 498 (Pa. 2004), our Supreme

Court reiterated:

> The [PCRA] makes clear that where . . . the petition is untimely, *it is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies. 42 Pa.C.S. § 9545(b)(1). That burden necessarily entails an *acknowledgement by the petitioner that the PCRA petition under review is untimely* but that one or more of the exceptions apply.

**Id.** at 501 (quoting **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa.

1999) (emphasis in original)).

In his **Turner/Finley** no-merit letter, appointed counsel concluded

that Appellant's second PCRA petition was untimely filed and was not saved

from the PCRA's time restrictions by any exception recognized under 42

Pa.C.S.A. § 9545(b)(1). Counsel explained, *inter alia*:

> [First PCRA] appointed counsel filed a "No Merit" letter on March 15, 2012. [Appellant] raised timely objections to counsel's "no merit" letter following the [c]ourt's 907 Notice. The [c]ourt issued its final Order dismissing [Appellant's] PCRA on May 22, 2012, and granted counsel's application to withdraw. [Appellant] was left with the option to proceed *pro se* or with private counsel if he wished to pursue an appeal to Superior Court. [Appellant] chose the former option and filed a *pro se* timely Notice of Appeal.
>
> [Appellant] had the opportunity to raise some or all of [his] issues following denial of his PCRA. He pursued litigation of some claims while discarding others. Thus, [Appellant] cannot allege any new claims within the instant PCRA which he could have pursued during the course of his prior PCRA appeal. Moreover, any new claims would still need to be raised within one year from the date that judgment of sentence became final,

(Footnote Continued) ————————

42 Pa.C.S.A. § 9545(b)(1).

- 7 -

or by September 4, 2012. As the instant PCRA was filed on December [19], 2013, the current PCRA is untimely on its face.

* * *

Moreover, [Appellant] does not provide any information that would suggest that any of the instant claims constituted after-discovered evidence, that would allow him to plead that or any other statutory exception under [§] 9545(b)(1). On this basis alone, [Appellant] is further time-barred from raising this second PCRA.

*Turner*/*Finely* No-Merit Letter, 5/6/14, at 6-7.

Our review confirms appointed counsel's determination that Appellant failed to allege or prove any exception to the time bar to save his facially untimely petition. *See* Appellant's Second PCRA Petition, 12/19/13, at § 4A, in which Appellant marked two boxes, one indicating his petition was his first PCRA petition being utilized solely to obtain *nunc pro tunc* restoration of direct appeal rights abandoned by counsel, and a second indicating the petition was a second PCRA petition being filed within one year of the date his conviction became final. A petitioner is to mark the final box in § 4A if the petition is outside the one-year PCRA time limitation and then designate the time bar exception(s) claimed. Appellant did not mark any box signifying his petition was filed beyond the one-year deadline or claiming any exception to the time bar.

Appellant has continued to maintain that his December 19, 2013 petition was timely filed. In his response to the PCRA court's Rule 907 notice, Appellant asserts that his petition was not untimely, "that the tolling

time stops at each stage of appeal," and that he had "at least five months in which to file a [PCRA, w]hich is one year from the time that he had to seek review." Response to Rule 907 Notice at ¶ 8. Further, in his brief, Appellant asserted that "[a]t the time Appellant filed this second [PCRA p]etition he had at least six (6) months remaining on his time to file." Appellant's Brief at 5. Again, Appellant's judgment of sentence was final on September 4, 2011. His second PCRA petition, filed on December 19, 2013, was clearly not filed within one year of September 4, 2011.

In its Rule 1925(a) opinion, the PCRA court explained it lacked jurisdiction over Appellant's petition because the petition was time-barred and Appellant failed to allege or establish any exception to the PCRA's one-year time requirement. PCRA Court 1925(a) Opinion, 8/12/14, at 3 (citing and incorporating by reference appointed counsel's no-merit letter). Further, in light of the heightened standard when reviewing a second or subsequent PCRA petition, the court determined that Appellant failed to demonstrate that a miscarriage of justice occurred or that he was innocent of the crimes with which he was charged. *Id.* at 3-5 (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) and ***Commonwealth v. Austin***, 721 A.2d 375 (Pa. Super. 1998)).

We agree with the PCRA court that Appellant's second PCRA petition is time-barred and that he has failed to plead and prove any exception to save it from the PCRA's one-year time restriction. Therefore, we are without

jurisdiction to review either of the issues Appellant asks us to consider in this appeal.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2015